Hudnit's Administrators *vs.* Tomson and Fisher.

1. A deed sought to be declared fraudulent upon a creditor's bill, *held* to have been a mortgage. Inadequacy of consideration, therefore, of no moment.

2. The mortgagee having conveyed his interest before the bill was filed, no decree can be made against him.

3. Nor can a decree be made against his grantees, who are not parties to the suit.

---

On creditor's bill. The cause was heard *ex parte*, on the bill and proofs.

*Mr. G. A. Allen*, for complainants.

THE CHANCELLOR.

The bill is a creditor's bill, filed against Elizabeth Tomson and Henry H. Fisher, originally by Samuel B. Hudnit, on whose death the suit was revived in the names of his administrators. Hudnit recovered a judgment against Mrs. Tomson, and her son Nahum, in the Supreme Court of this state,

on the 12th of September, 1872, for $927.18, in a suit commenced on the 27th of March preceding. Mrs. Tomson, at the beginning of that suit, was, under the will of her late husband, the owner of a life estate for her own life, in certain land and premises in the county of Hunterdon, with remainder in fee to Nahum. She conveyed it by her deed, dated June 12th, 1872, to Fisher, for the consideration of $680. The property was a house and small lot of land in the village of Milford, and a farm of about one hundred acres. She was then about seventy-six years old. Her interest in the property had been levied on by the sheriff of Hunterdon, under executions issued on two judgments recovered against her and Nahum. One of those judgments was recovered on the 11th of March, 1872, by Elijah Wolf, and the other on the 16th of April following, by George Carpenter. They together amounted, at the time of recovery, to $664. The evidence is, that in order to raise the money necessary to save the property from sale, she conveyed her estate to the defendant, Fisher. The complainant charges that the conveyance to Fisher was fraudulent, and intended to hinder, delay and defeat him in the collection of his claim against Mrs. Tomson and her son Nahum, then in suit, and on which his judgment was consequently recovered. There is no proof of fraud on the part of Fisher. The complainant insists that his conduct in permitting Mrs. Tomson to continue in the possession of the property, and to take the rents and profits of it, without account to him, and the fact that he was comparatively a stranger to her, and was not desirous of purchasing the property, but did it, as he alleges, from motives of humanity merely, are circumstances which justify the conclusion that the conveyance was fraudulent. But all these things, while they are not consistent with an absolute purchase of the property, are quite consistent with a mortgage, and the evidence is, that the deed to Fisher was, in fact, a mortgage. He appears to have actually advanced the whole of the consideration of the deed, which was the money necessary to pay off the executions, under which the property would otherwise

have been sold. He took the title as his security; for he testifies that he expected, and that it was understood, that Mrs. Tomson would get somebody to pay him the money he advanced, and interest, and compensation for his trouble in the matter, and take the property; as, in fact, she did do in about two months afterwards. On the 23d of August, 1872, he conveyed the property to Apgar and Staniar for the consideration of $710, (the amount which he advanced, with interest, and about $20 additional,) taking their promissory note therefor; and on that note he subsequently recovered judgment against them. The money which he advanced was, in fact, paid to the sheriff on, and probably in satisfaction of, the executions which were in his hands, and had been levied on the property when the loan was made.

Fisher explicitly denies any knowledge of any other claims against Mrs. Tomson than those in the sheriff's hands, and from which his advance was to free the property. The complainant, treating the transaction between Mrs. Tomson and Mr. Fisher as a sale, urges that the price paid was grossly inadequate. There is, it may be observed, no evidence that $680 was an inadequate price for the life estate. Indeed, there is every reason to doubt whether that interest, at best so precarious, and in this case dependent on the duration of the life of a woman then seventy-six years of age, would have produced at sheriff's sale the amount of the consideration of the deed to Fisher. But, in the view I take of the transaction, regarding the deed to Fisher as, in fact, a mortgage, the question of inadequacy cannot be taken into consideration.

It is in proof, that nearly four months before the bill in this cause was filed, Fisher conveyed his interest in the property to Apgar and Staniar, as before mentioned. The bill was filed on the 14th of December, 1872, and on the 21st of January following, leave was granted, on suggestion of the conveyance to Apgar and Staniar, to amend by making them parties to the suit. The amendment, however, was not made, and the cause has proceeded against the original defendants.

No decree, therefore, affecting the interest of Apgar and Staniar can be made in the cause. Nor could any be made against Fisher, who, when the bill was filed, had no interest in the suit, and has never since then had any. The proof has not been directed to any other matter than the conveyance to Fisher. The bill, therefore, must be dismissed as to both defendants.